UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE WAKE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>    Defendant. | No. CV-09-3036-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 7, 2010 (Ct. Rec. 17, 19). Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security ("Commissioner"). The parties consented to proceed before a magistrate judge (Ct. Rec. 7). On March 22, 2010, plaintiff filed a reply (Ct. Rec. 21). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 19) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) benefits on December 7, 2005, alleging onset as of

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                       - 1 -

January 1, 2003, due to bipolar disorder, agoraphobia, post-traumatic stress disorder (PSTD), and depression (Tr. 79-81, 91). The application was denied initially and on reconsideration (Tr. 39-40, 44-47). Administrative Law Judge (ALJ) R.S. Chester held a hearing on October 29, 2008. Plaintiff, represented by counsel, and vocational expert Fred Cutler testified (Tr. 228-251). On November 28, 2008, the ALJ issued a decision (Tr. 12-26) finding plaintiff disabled when substance abuse is included (Tr. 23). He found DAA is a factor materially contributing to plaintiff's disability determination (Tr. 25-26). The ALJ found when DAA is excluded, plaintiff is not disabled. Accordingly, he found plaintiff not disabled (Tr. 25-26). The Appeals Council denied a request for review on February 20, 2009 (Tr. 3-5). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On April 3, 2009, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g)(Ct. Rec. 2,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 37 when she applied for benefits and 40 years old at the hearing. She has a tenth or eleventh grade education and has not earned a general equivalency certificate (Tr. 95,119,131,166,236). Plaintiff testified she last drank alcohol about a month before the hearing (Tr. 233,238). DAA is at issue because during the relevant period plaintiff used heroin, cocaine,

prescription pills, methamphetamine, and alcohol (Tr. 165-167,204,206), and underwent treatment for DAA on several occasions (Tr. 118,123,144,167,198).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination

of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1)

plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).  If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6 -

ORDER GRANTING DEFENDANT'S  
MOTION FOR SUMMARY JUDGMENT - 6 -

433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found plaintiff has not engaged in substantial gainful activity since she applied for benefits on December 7, 2005 (Tr. 14). At steps two and three, ALJ Chester found plaintiff suffers from drug and alcohol abuse/dependence (DAA), bipolar disorder with depression, and personality disorder, impairments that are severe but do not alone or in combination meet or equal the severity of the Listings (Tr. 15, 20). The ALJ assessed an RFC with DAA included (Tr. 21). At step five he found plaintiff disabled because he concluded there were no jobs she could perform when DAA is included (Tr. 23).

Because he found plaintiff disabled when DAA is included, the ALJ went on to perform the required second five step sequential evaluation. 20 C.F.R. §§ 404.1525 and 416.935 and *Parra v. Astrue.*[1] He found without DAA, plaintiff's impairments would be severe but would not meet or equal the Listings (steps 2 and 3)(Tr. 23). He found plaintiff has no relevant work (step 4). Relying on the VE's testimony, the ALJ found when DAA is excluded, there are jobs a person with plaintiff's RFC could do (step 5)(Tr. 25). The ALJ found DAA was a contributing factor material to the

---

[1] *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7 -

disability determination (Tr. 25-26). Accordingly, he found plaintiff is barred from receiving benefits and is therefore not disabled as defined by the Social Security Act (Tr. 26).

**ISSUES**

Plaintiff contends the Commissioner erred when he weighed the opinions of examining professionals, assessed credibility, and asked the VE a hypothetical lacking all of plaintiff's impairments (Ct. Rec. 18 at 11). In the Commissioner's view the ALJ properly (1) gave the greatest weight to the opinion of treating doctor Joseph Vickers, M.D.; (2) weighed the opinions of examining professionals Jay Toews, Ed.D., Christopher Clark, M.Ed., and Martha Usatine, MSW (Ct. Rec. 20 at 7-10); (3) assessed plaintiff's credibility (Ct. Rec. 20 at 11-14), and (4) included all of plaintiff's established mental limitations in the hypothetical (Ct. Rec. 20 at 14-15). Asserting the decision is free of legal error and supported by substantial evidence, the Commissioner asks the Court to affirm (Ct. Rec. 20 at 15).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity

of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**II. Opinions of treating and examining professionals**

Plaintiff alleges the ALJ's failure to give reasons for rejecting the opinions of three examining professionals is "clear legal error"(Ct. Rec. 18 at 15-16). The Commissioner asserts the ALJ appropriately relied instead on the opinion of Dr. Vickers, whose opinion as a treating physician is entitled to greater weight (Ct. Rec. 29 at 7-8).

On October 14, 2005 (about two months before onset), Dr. Vickers saw plaintiff for complaints of bipolar disorder, anxiety, intravenous drug use, cardiac problems, and numbness in the legs and arms (Tr. 193). He notes seeing Ms. Wake once previously in the hospital [in January of 2005] for an infection caused by IV drug injection (Tr. 143-144; Tr. 177-179). Dr. Vickers notes plaintiff states celexa helped in the past. She last abused substances on August 25, 2005 (Id). He diagnosed two mental disorders: bipolar disorder causing very significant interference in the ability to perform one or more basic work activities, and DAA causing the inability to perform one or more work activities (Tr. 195). Dr. Vickers opined plaintiff may need ongoing treatment for mental health and DAA  (Tr. 143, 193). The ALJ points out Dr. Vickers opined bipolar disorder is aggravated by DAA. If plaintiff remained abstinent for 60 days and received treatment for bipolar disorder, Dr. Vickers opined she should be employable within two to six months (Tr. 16, referring to 196). Vickers discussed plaintiff's need to follow up with mental health and gave her samples of psychotropic medication, seroquel and lexapro (Tr. 143).

When Dr. Vickers saw plaintiff for medication follow up on

November 1, 2005, the "medication seems to have helped; overall it sounds like she is doing pretty well." Plaintiff was going to enter a 28-day DAA program and return after completion. She "looks well, appropriate speech" (Tr. 143).

Plaintiff did not reestablish care with Dr. Vickers until she returned six months later, on May 8, 2006 (Tr. 142). As in January of 2005, plaintiff needed medical attention for abscesses caused by IV drug use (Tr. 142). Dr. Vickers points out plaintiff's aftercare plan required at least weekly, if not daily, contact between eleven a.m. and noon [Dr. Vickers is unclear if she was required to report to her parole officer or to the treatment agency]. In either case Ms. Wake has not been in "for a week or so, maybe a couple of weeks" (Tr. 142). She appears clearly very anxious and admits symptoms consistent with agoraphobia (Tr. 141). Dr. Vickers prescribed lithium for bipolar disorder and noted plaintiff "will be following up with her parole officer and with [the treatment agency] within the next day or two" (Tr. 141). Ms. Wake did not return.

Plaintiff alleges the ALJ failed to adopt or properly reject the "rather significant limitations [that] persisted even when Ms. Wake was clean and sober." (Ct. Rec. 18 at 16, referring to the reports of Mr. Clark at Tr. 188-189 and Ms. Usatine at Tr. 198-199). She alleges "the ALJ proceeded as though there never had been any periods of abstinence" (Ct. Rec. 18 at 15).

Remarkably, plaintiff fails to mention treating Dr. Vickers's opinion her ability to work would be restored with abstinence and 2 to 6 months of treatment, a somewhat contradicted opinion credited by the ALJ.

The ALJ considered the reports plaintiff describes. In his report on October 19, 2005 (about two months before onset), examining professional Mr. Clark notes a mental health evaluation is pending. He indicates a sobriety date of "August 31, 2005 - went to jail" (Tr. 17, referring to Tr. 187-192). Mr. Clark assessed plaintiff's verbal expression of anxiety or fear and social withdrawal as "markedly severe." He assessed as "moderate" depressed mood, expression of anger, paranoid behavior, thought disorder, and hyperactivity (Tr. 188). Mr. Clark opined plaintiff has several marked and moderate functional limitations (Tr. 189). He diagnosed bipolar disorder NOS, polysubstance dependence in *reported remission*, panic disorder with agoraphobia and dependent personality disorder (Id). (emphasis added).

Mr. Clark notes plaintiff is starting NA groups; cannot access mental health treatment due to funding issues; recently began taking two antidepressant medications; and treatment results to date include "attended rescheduled assessment" (Tr. 189-190). He opined an updated DAA assessment is needed (Tr. 189-190). Plaintiff apparently argues the ALJ should have credited Mr. Clark's observation plaintiff was "still appearing to have unstable mood after 45 days of abstinence." The argument is not well founded given Mr. Clark's diagnosis plaintiff's DAA was in reported remission, and the ALJ found plaintiff's reporting unreliable (below).

The ALJ considered Ms. Usatine's report. Following plaintiff's GAU examination, apparently in November of 2006,[2] Ms.

---

[2] The ALJ notes the dates throughout Ms. Usatine's report indicate the date should read 2006, rather as listed, 2008

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                               - 12 -

Usatine diagnosed bipolar disorder, most recent episode depressed, and PTSD (Tr. 19, referring to Tr. 198). Plaintiff recently completed in-patient DAA treatment and is currently in outpatient treatment; DAA remission is "early"; any use would exacerbate symptoms (Tr. 198-199). Ms. Usatine assessed marked and moderate limitations, noting plaintiff currently took no medication to reduce symptoms. (Tr. 197-202). Ms. Usatine opined medication will stabilize mood and therapy will assist plaintiff in managing her life. She opined (in a manner similar to Dr. Vickers) medication and therapy would likely restore plaintiff's ability to work (Tr. 199-200).

The ALJ considered Dr. Toews's report following his examination on April 25, 2006 (about four months after onset):

> She stated she found prostitution an easy and convenient income source. . . She stated she last used drugs about 30 days ago, using cocaine, methamphetamines, heroin, and alcohol. . . She had been in three 28-day inpatient programs and one 90-day inpatient program. She relapsed fairly frequently, stating it was because she would become depressed and overwhelmed. . .
>
> She stated she was able to maintain attention and concentration. She had been on medication for about a month given by Dr. Vickers, but quit treatment and discontinued medications. . .
>
> She watched a lot of TV. She was fully independent for basic self care and had a full complement of  independent living skills. She planned and prepared meals, did light and heavy housekeeping, and laundry. She shopped and used public transportation. . . She had no friends but enjoyed visitation with her children. She was able to do some gardening, yard work, and

---

(Tr. 19; Tr. 200); *cf*. Tr. 197 (plaintiff's signed release for Ms. Usatine is dated November 8, 2006); Ms. Usatine's observations are signed and dated November 8, 2006 (Tr. 202).
The court assumes for purposes of the appeal the ALJ's date of November 2006, repeated in the Commissioner's brief, is correct.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 13 -

> handicrafts. . .
>
> Diagnosis was polysubstance abuse, episodic, alcohol abuse, episodic, major depressive disorder, substance related, chronic, substance related anxiety disorder, borderline personality disorder, and [a GAF] of 50. Dr. Toews reported that he did not find symptoms referable to a bipolar disorder, which had been diagnosed by Dr. Vickers. Dr. Toews noted she had a long history of polysubstance dependence and alcohol abuse and was at high risk for relapse. She was noncompliant with chemical dependency treatment and psychiatric treatment. Referral for substance abuse evaluation was recommended, as frequency was probably greater than admitted.

(Tr. 18-19).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 22). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 14 -

what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility, including plaintiff's inconsistent statements and noncompliance with mental health treatment (Tr. 22).

The ALJ points out plaintiff testified at the hearing in October of 2008 she last consumed alcohol a month prior to the hearing. Before this recent use, Ms. Wake testified she last drank alcohol two years ago (Tr. 22; Tr. 238). The ALJ observes Ms. Wake's testimony is contradicted by her statement in October of 2007 she drank recently (Tr. 22, referring to Tr. 206). This reason is clear, convincing, and fully supported by the evidence.

With respect to noncompliance, the ALJ states:

> Records show that she is medically noncompliant even though she testified that mediation and therapy have helped her and she has improved. Chemical dependency treatment records at 1F/21 indicated that her response to treatment was poor and she appeared to have difficulty taking responsibility for her behavior and displayed an unwillingness to change her own behavior.

(Tr. 22).

The treatment record referred to by the ALJ states

> [Ms. Wake's] response to treatment was poor. She had an apparent difficulty taking responsibility for change. She displayed an ability to understand behavior, but an inability or unwillingness to change her own behavior. It may be that [her] dependency upon others, including an abusive relationship [has] alleviated the need to change. Throughout treatment she focused upon multiple layers of distractions to prevent or deny the need for other necessary changes. [Plaintiff] has both stated and shown that she is not yet ready to change her behavior and the [negative] consequences do not yet appear to outweigh the [positive] consequences for this individual.

(Tr. 138).

The ALJ's reasons for finding plaintiff less than credible are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements). An "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989).

Plaintiff's reliance on *Regennitter v. Commissioner of Soc. Sec. Admin.*, 166 F.3d 1294,(9th Cir. 1999) is unavailing because the ALJ's specific reasons for discounting Mr. Regennitter's testimony were not supported by substantial evidence in the record, a situation dissimilar to this case. In the court's view, because some of the opinions were based on the self reporting of an unreliable person, the ALJ could legitimately accord them less weight. An opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-1464 (1995).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the

ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ gave clear and convincing reasons supported by substantial evidence for his credibility determination.

Plaintiff asserts the ALJ "provided no reason at all" for rejecting her statement she "goes through 'highs and lows' even when she is not abusing drugs" (Ct. Rec. 18 at 16, referring to Tr. 119). The ALj found plaintiff is not credible. Contrary to her assertion, the statement does not establish Ms. Wake "continued to suffer very significant limitations even when clean and sober," because the only evidence of abstinence is her unreliable self-report (Id). The ALJ was not required to credit plaintiff's unreliable statement.

The ALJ considered the November of 2005 report (a month before onset) of Heather McClure, ARNP, who diagnosed in relevant part polysubstance dependence in early *partial* remission and a GAF of 45 (Tr. 17-18, referring to Exhibit 1F/17-19 at Tr. 134-136)(emphasis added).

The ALJ observes:

> Examiners have repeatedly indicated that symptoms are made worse by substance abuse/dependence and without treatment [citations omitted]. There is evidence of ongoing use as she testified at the hearing that she had been drinking the month before the hearing. . . Examiners have repeatedly reported [GAFs] of 45-51, indicating poor social or occupational functioning, with associated moderate to marked limitations in social and cognitive functioning. In light of ongoing substance abuse, the undersigned finds that these scores represent her functioning when considering drug and alcohol dependence.

(Tr. 22).

The court may draw inferences from ALJ's decision. The clear

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 17 -

inference is that the ALJ disbelieved plaintiff's claimed periods of sobriety. The record fully supports this inference. The only evidence of abstinence other than plaintiff's unreliable self-report is one negative UA in October of 2007 (Tr. 210). The ALJ observes plaintiff has failed to comply with both DAA and mental health treatment. The ALJ is permitted to consider lack of treatment in his credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ could properly discount Clark and Usatine's opinions of limitations without DAA because they appear to be based on plaintiff's unreliable self reported abstinence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ did not err when weighing the opinion evidence and plaintiff's credibility.

**II. Step Five**

Plaintiff's step five argument essentially asks the court to re-weigh the evidence, a task the court cannot do. The ALJ assessed an RFC (when DAA is excluded) limiting plaintiff to work involving superficial contact with co-workers and the public. From the ALJ's statements and assessed RFC, it is clear he rejected Clark and Usatine's opinions (to the extent they opined plaintiff is more limited without DAA) because he found Ms. Wake not credible, including her claimed periods of abstinence; properly rejected opinions based on plaintiff's unreliable self report, *See Bayliss v. Barnhart*, 427 F.3d 1211,1217 (9th Cir. 2005), and weighed more heavily the opinion of her treating doctor that with abstinence and treatment plaintiff would be able to work.

The RFC assessed by the ALJ is fully supported by the evidence, including treating and examining health care providers,

and without legal error. Accordingly, the RFC and questions to the VE are sufficient. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

The RFC is supported by the ALJ's assessment of plaintiff's credibility. Because the RFC and questions to the VE are based on the limitations the ALJ found supported by credible evidence, both determinations are without error. For these reasons, plaintiff's argument with respect to alleged error at step five fails.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 24)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 18th day of June, 2010.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                            - 19 -